**IN THE BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SHEILA ELAINE BAYLIS, | ) | Case No. 04-44941 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SHEILA ELAINE BAYLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v, | ) | Adversary No. 04-5484 |
| | ) | |
| MONEY MARKET FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

On October 6, 2004, the Debtor, Sheila Elaine Baylis ("Debtor"), filed a Complaint against the Defendant, Money Mart Financial Services, Inc. ("Money Mart"), seeking the return of $231.00, which the Debtor alleged Money Mart was retaining in violation of the automatic stay. The Complaint also seeks attorney's fees and costs incurred in pursuing this matter.

The facts underlying the Complaint are not disputed. On July 18, 2004, the Debtor obtained a loan for $200.00 from Money Mart, a "payday" loan provider. As is common for payday loans, at the time the Debtor obtained the loan, she tendered to Money Mart three post-dated checks equaling the loan amount plus an additional amount for interest and/or fees. In this case, the checks were post-dated August 18, 2004, each in the amount of $77.00, for a total of $231.00.

Without missing a beat, Money Mart presented the checks for payment on August 18. However, unbeknownst to Money Mart, the Debtor had filed for protection under Chapter 13 of the bankruptcy code two days before, on August 16. On August 31, 2004, the Debtor's attorney wrote Money Mart a letter informing it of the Debtor's bankruptcy filing and demanding the return of the $231.00. Money Mart responded that it did not believe that it had violated the automatic stay by presenting the checks for payment but that it would "look into it." Money Mart finally mailed the $231.00 to the Chapter 13 Trustee – not to the Debtor – on October 18, 2004, well over a month

after the Debtor demanded their return (and nearly two weeks after the Debtor had filed the instant complaint on October 6).

The Court held a hearing on this matter on December 13, 2004. Because Money Mart had already turned the $231.00 over to the Trustee, the only issues before the Court were whether Money Mart's presentment of the checks violated the automatic stay, whether the Court should sanction Money Mart for the alleged violation of the automatic stay, and whether the Debtor is entitled to her attorney's fees and costs in pursuing this matter. The parties agreed to submit the matter to the Court on oral argument.

The opinion entered on December 10, 2004, by the Bankruptcy Appellate Panel for the Eighth Circuit ("BAP"), *Thomas v. Money Mart Financial Services, Inc.* (*In re Thomas*), 2004 WL 2827701 (B.A.P. 8th Cir. 2004), provides us with timely guidance on these issues. In *Thomas*, the BAP determined that the presentment of a check under nearly identical circumstances (and, coincidentally, involving the same defendant now before the Court) did not constitute a violation of the automatic stay, pursuant to the provisions of 11 U.S.C. § 362(b)(11). Accordingly, this Court finds that Money Mart's presentment of the check did not constitute a violation of the automatic stay, and, therefore, sanctions against Money Mart are not warranted for that reason.

The Court is troubled, however, by Money Mart's recalcitrance in turning over to the Debtor funds which clearly constituted unauthorized post-petition transfers of bankruptcy estate property, especially considering that Money Mart was also the defendant in *Thomas*, and the bankruptcy court's order from which the appeal in *Thomas* was taken ordered Money Mart to return the debtor's money on precisely those grounds. Moreover, Money Mart's excuse that the delay was caused by confusion over the proper recipient of the funds is unpersuasive. The assertion itself indicates that Money Mart understood the need to return the Debtor's money, and even if Money Mart was truly confused, it could have turned the money over to the Debtor and the Chapter 13 trustee with a joint check. Also, by paying the money over to the Chapter 13 Trustee, Money Mart has forced the Debtor to incur additional and unnecessary expenses and delay in obtaining an order from the Court directing the Trustee to pay the money over to the Debtor.

Therefore, in light of Money Mart's inexcusable and unreasonable delay in turning over the Debtor's money, the Court believes it is appropriate that Money Mart pay the Debtor $350.00 to compensate her for the attorney's fees and expenses incurred in pursuing this matter. This Court would also caution Money Mart (as well as other payday lenders) that it will not be so lenient with

sanctions and compensation in the future if the turnover of funds under similar circumstances is not effected promptly and without needless litigation.

Accordingly, it is

**ORDERED** that the Chapter 13 Trustee be and is hereby directed to refund the $231.00 to the Debtor promptly. It is

**FURTHER ORDERED** that the Debtor's prayer for attorney's fees and costs against Money Mart is hereby GRANTED in the amount of $350.00, in view of the delay by Money Mart in turning the funds over to the Chapter 13 Trustee. Money Mart is directed to pay that amount to counsel for the Debtor promptly.

**SO ORDERED** this 14th day of December 2004.

/s/ Jerry W. Venters
HONORABLE JERRY W. VENTERS
UNITED STATES BANKRUPTCY JUDGE

A copy of the foregoing was mailed
conventionally or electronically to the following:
Maurice B. Soltz
Joel B. Laner